the plaintiff in the case at bar made written demand upon the defendant, claiming the truck under the chattel mortgage described above. There being no response to this demand the plaintiff brought this action of tort for conversion.

The trial judge made the following express written findings: "I find as a fact the motor vehicle here in question to have been sufficiently described in the mortgage; that said description is not misleading; and that said motor vehicle could be readily identified from such description irrespective of the inaccurate recital as to year of manufacture or of model year appearing therein," and found for the plaintiff for the value of the truck.

The principles applicable to this case are well settled. A general description of personal property in a mortgage is sufficient to include articles which can be identified and which were intended to be covered by it. The test in such case is that, where the property can be readily identified after rejecting false or inaccurate recitals, effect may be given to the mortgage. *E. M. Blunt Co.* v. *Giles,* 288 Mass. 515. The case made by this report is so plainly distinguishable from *Wise* v. *Kennedy,* 248 Mass. 83, as to require no discussion. In view of the undisputed facts, plus the findings of the trial judge, none of the defendant's requests for rulings could have been given.

Report Dismissed.

No. 150977  Municipal  Suffolk, ss.
LUBELL  (Rabb and Rabb)
v. TURNER et al, Trs.  (H. D. White)

From the Municipal Court of Boston—Tomasello, J.
Argued Nov. 3, 1941—Opinion filed Dec. 23, 1941

PUTNAM, C. J. (Zottoli, J., and Gillen, J.)—The trial judge expressly found as a fact that the plaintiff's rugs were lost while in the possession of the defendants, who operate a storage warehouse, and made a general finding for the plaintiff.

The real question in the case, which is raised by the plaintiff's sixth request, is whether the plaintiff has sustained the burden of proving that the rugs were delivered to the defendant. If, in the report, there is any evidence that the rugs came into the defendants' possession this ruling was properly denied.

The plaintiff testified that on September 12, 1938, the two rugs in question, with others, were removed from her then home by the Clark Moving Company. One Clark, manager of that company, testified that in September, 1938, he moved the plaintiff's furniture and rugs, including everything that was in the home, to the defendants' warehouse, and followed the moving truck in his own automobile, arriving there between

4.30 and 5.00 o'clock P. M. He placed all the rugs on the elevator and left them there at the direction of the defendants' watchman, the electric power being shut off at the time. There was further evidence that in December, 1940, he moved the plaintiff's furniture and rugs from the defendants' warehouse to the plaintiff's new home. Shortly thereafter the plaintiff found not only that the two rugs in question were missing but that she was the possessor of a lamp, a chair and a vacuum cleaner which did not belong to her. The truck was a closed van, which made no stop on the way from the warehouse to the plaintiff's new home, and had no lock on its rear doors. There was further evidence that at times goods for storage remained overnight on the elevator at the warehouse, or in corridor, before being marked and stored the next morning. The plaintiff testified that when she discovered that the rugs were missing she telephoned the defendant Greeley, who was the manager of the warehouse, and he told her not to worry, as he would find them.

From this evidence the trial judge could have concluded, as he did, not only that the rugs came into the defendants' possession and were lost while there, but that they were lost through negligence of the defendants' employees.

It is true that there is an impressive body of evidence introduced by the defendant to the effect that only twelve bundles of rugs were received and that twelve bundles were delivered by the defendants to, and receipted for by, the Clark Moving Company. But, under familiar principles, the judge was not bound to believe this evidence.

Report dismissed.